IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BARRY EMMETT #1383329 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv399 |
| TDCJ DIRECTOR, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Barry Emmett, a prisoner of the Texas Department of Criminal Justice, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights in prison and paid the full filing fee. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Relevant Procedural History and Alleged Facts**

Upon finding Plaintiff's original complaint deficient, the Court ordered him to file an amended complaint and plainly instructed him to "explain in detail when, where, and how his constitutional rights were allegedly violated, identify the defendants responsible for each violation, specify how each defendant personally violated his constitutional rights, and explain how he was harmed or injured by those violations." (Dkt. #5 at 3.)

The entirety of Plaintiff's primary claim in his amended complaint reads as follows:

> I am being denied 3 kosher meals daily. I am being denied transfer to Stiles as Jewish Unit. 2021, 2022, 2023 Coffield & Michaels as well 3 yrs total.

(Dkt. #10 at 4.) For relief, he seeks three kosher meals daily and a transfer to the Stiles Unit. (*Id.*)

Plaintiff attaches to his form complaint three pages of handwriting that the Court presumes to assert other claims. He complains about interference with a contract he has "to spend $ 1000 to maintain VIP status." (Dkt. 10-1 at 1.) And he complains that "white maintenance and wardens"

order his cell to be flooded with raw sewage every time he files a grievance related to being Jewish. (*Id.* at 3.)

The only individual referenced anywhere in the body of his amended complaint is "TBCJ Dir[ector] . . . Patrick Ohleay." (*Id.*) The Court presumes this to be a reference to the Texas Board of Criminal Justice, but is unaware of any TBCJ director by that name. Plaintiff does not allege what specific actions or inactions by the TBCJ director have violated his rights, and he does not allege the involvement of any TDCJ directors in any of his claims.

In submissions filed after his amended complaint, Plaintiff indicated that he wanted to voluntarily dismiss claims against all Defendants other than the State of Texas and unnamed agency directors. (Dkt. ##12, 13.) Accordingly, those Defendants have been dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Dkt. #16.) The State and directors are thus the only remaining Defendants before the Court.

## II. Legal Standards and Preliminary Screening

Plaintiff is a prisoner seeking redress from governmental entities and officers, so his claims are subject to preliminary screening pursuant to the Prison Litigation Reform Act as required by 28 U.S.C. § 1915A. That statute directs *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under Section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, No. SA-16-CV-284-DAE (PMA), 2016 WL 2344231, at *3 (W.D. Tex. May 2, 2016) ("A

court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

### III. Discussion and Analysis

Before the Court can reach the merits of Plaintiff's claims, the issue of sovereign immunity must be addressed. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity,

commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Texas has not waived its immunity by consenting to suit, and Congress did not abrogate the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff claims that the State of Texas violated his constitutional rights under § 1983 and seeks injunctive relief, but the Eleventh Amendment bars a § 1983 suit against a state or state entity, regardless of whether money damages or injunctive relief is sought. *Will*, 491 U.S. at 69-71 (states are not "persons" subject to suit under § 1983); *Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009) (per curiam) (holding that Eleventh Amendment immunity applies to Section 1983 actions brought against the State of Texas and its agencies, regardless of the relief sought). Accordingly, Plaintiff's claims against the State of Texas should be dismissed without prejudice as barred by the Eleventh Amendment.

Turning to Plaintiff's claims against the agency directors, the *Ex Parte Young* doctrine "represents an equitable exception to Eleventh Amendment sovereign immunity," through which plaintiffs may seek injunctive relief to enforce federal law against a state official in his official capacity. *Air Evac EMS, Inc. v. Texas, Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 515 (5th Cir. 2017) (discussing *Ex parte Young*, 209 U.S. 123 (1908)). Accordingly, demands for prospective injunctive relief are properly brought against the appropriate official in his official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State.").

But to pursue such a claim against a state official in his official capacity, the official must "have some connection with the enforcement" of the rule of law whose constitutionality is in question. *Ex parte Young*, 209 U.S. at 157; *Air Evac EMS, Inc.*, 851 F.3d at 517 ("Most relevant to the action at hand, *Ex parte Young* requires defendants have 'some connection' to the state law's enforcement and threaten to exercise that authority."). Proper defendants to an *Ex Parte Young* claim include "officials who have direct responsibility in the area in which the plaintiff seeks relief." *Bartlett v. Wengler*, No. 1:12-CV-00312-EJL, 2014 WL 4773959, at *5 (D. Idaho Sept. 24, 2014); *see also Muhammad v. Crosby*, No. 4:05CV193-WS, 2008 WL 2229746, at *19 (N.D. Fla. May 29, 2008), *aff'd sub nom. Muhammad v. Sapp*, 388 F. App'x 892 (11th Cir. 2010) (holding that *Ex Parte Young* claim is appropriately brought against "Defendants who currently have official capacity to provide a remedy through declaratory or injunctive relief"). The Fifth Circuit has explained further:

> This "some connection" requirement is designed to ensure defendant is not merely being sued "as a representative of the state, and thereby attempting to make the state a party." [*Ex parte Young*, 209 U.S. at 157]. For example, a state governor with a broad duty to uphold state law is not a proper defendant. *See Morris v. Livingston*, 739 F.3d 740, 745–46 (5th Cir. 2014).

*Air Evac EMS, Inc.*, 851 F.3d at 517. Accordingly, a Plaintiff fails to invoke the *Ex parte Young* exception to sovereign immunity where his "operative complaint fails to plausibly allege that Defendants are sufficiently connected to enforcing any policies or decisions [that he] challenges as unconstitutional." *Haverkamp v. Linthicum*, 6 F.4th 662, 669 (5th Cir. 2021).

In this case, Plaintiff does not allege that the Defendant agency directors have any involvement in his meal planning, his housing assignment, or the conditions in his cell, or that they are directly responsible for promulgating or enforcing any policy that has or will effect a violation of his constitutional rights. Instead, Plaintiff appears to have chosen to sue them simply because they are high-ranking Department officials with broad duties and representatives of the state. "Put simply, in a [TDCJ] system with approximately 130,000 inmates in custody, and absent any

allegations tying [defendant] to the specific decisions at issue, it cannot be plausibly inferred that [defendant] played any role in the decisions [plaintiff] challenges as unconstitutional." *Haverkamp*, 6 F.4th at 671. Plaintiff thus fails to pass through the narrow gate of *Ex parte Young*.

The immunity of the only remaining Defendants thus dictates dismissal of this suit. But even if that were not the case, Plaintiff's failure to state a claim sufficient to satisfy Rule 8 of the Federal Rules of Civil Procedure would still require dismissal. Even for his primary claim, he does not allege any specific facts that would demonstrate that he has requested kosher meals, who has denied him those meal and why, or when any of those events have taken place. His claim about "VIP status" is incoherent. And his claim about raw sewage is as lacking in facts as his first claim, without any information about when or where the events took place or who was involved. He does not and could not plausibly allege that any agency directors are personally involved in the conditions about which he complains, which would prevent them from being liable even in their individual capacities. *Williams v. Luna*, 909 F.2d 121 (5th Cir. 1990); *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).

**IV. Conclusion**

For the reasons set forth above, this case must be dismissed without prejudice due to the sovereign immunity of the remaining Defendeants. Dismissal is appropriate where Plaintiff has already been permitted to address the deficiencies of his complaint but still fails to state a viable claim. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that "once given adequate opportunity, even a *pro se* complaint must contain specific facts supporting its conclusions"); *Garcia v. City of Lubbock, Texas*, 487 F. Supp. 3d 555, 566 (N.D. Tex. 2020) (dismissing where inmate had "already amended his complaint once" and been afforded "an opportunity to further flesh out his claims").

## RECOMMENDATION

Accordingly, the undersigned recommends that this action be dismissed without prejudice as barred by sovereign immunity.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 13th day of June, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE