IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BARRY EMMETT #1383329 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv399 |
| TDCJ Director, et al. | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Barry Emmett, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this civil rights action complaining of alleged violations of his constitutional rights in prison. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition.

Now before the Court is a motion filed by Plaintiff seeking a preliminary injunction to provide him with Kosher meals and transfer him to another unit within the TDCJ. (Dkt. #8.) For the reasons expressed below, the Court recommends that the motion be denied.

**I. Plaintiff's Pending Claims and Motion**

Plaintiff's amended complaint, which awaits screening under the Prison Litigation Reform Act (PLRA), alleges in cursory fashion that he is being denied 3 Kosher meals a day and denied a transfer to the Stiles Unit, which he characterizes as a Jewish unit. (Dkt. #10.)

Plaintiff's pending motion consists of two substantive sentences:

> I need my Kosher meals under Moussa-Zadeh v. TDC 703 F.3d 781 5th Circuit 2012 & transfer to Stiles Jewish meal program[.] I need forced providence of Kosher meals & transfer.

(Dkt. #8 at 1–2.)

**II. Discussion and Analysis**

A party seeking a preliminary injunction must establish four elements: (1) that there is a substantial likelihood the party will prevail on the merits; (2) that a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendants; and (4) that the granting of the preliminary injunction will not disserve the public interest. *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012). Relief should only be granted if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003).

The equitable injunctive power of federal courts will not be exercised save in exceptional cases to prevent irreparable injury which is clear and imminent. *See Heath v. City of New Orleans*, 320 F. Supp. 545, 546 (E.D. La. 1970), *aff'd* 435 F.2d 1307 (5th Cir. 1971). "Irreparable harm" means an injury which cannot be adequately addressed by a monetary award." *Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981).

Mere speculation or conclusory allegations of an irreparable injury is insufficient. *Daniels Health Sci., L.L.C. v. Vascular Health Sci., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013); *see also Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (conclusory allegations of irreparable harm do not entitled movant to injunctive relief); *Coleman v. Bank of New York Mellon*, 2013 WL 1187158 at *8 (N.D. Tex. Mar. 4, 2013) ("These unsupported, conclusory statements are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction."); *Mitchell v. Sizemore*, 2010 WL 457145 at *3 (E.D. Tex. Feb. 5, 2010) ("His vague and conclusory allegation that he is undergoing 'a number of problems' is insufficient to show entitlement to injunctive relief.").

Plaintiff's motion clearly fails these tests. His skeletal motion does not establish any likelihood of success on the merits of any claim or an immediate threat of harm that could not be remedied at the conclusion of ordinary litigation. The motion does not even expressly allege that the conditions in question violate Plaintiff's rights or identify who is responsible for those violations and should be enjoined to provide the relief sought. And it does not address, much less overcome, the public interest in allowing prison officials—experts in the administration of correctional facilities—to perform their duties without interference from the federal judiciary. In sum, Plaintiff fails to satisfy a single prong of the test for preliminary injunctive relief.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's motion for preliminary injunctive relief (Dkt. #8) be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 13th day of June, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE